[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
In July, 1990 Newport Offshore Limited ("NOL") and West Passage Development Corporation ("WPDC") executed and delivered to Ante Stipich ("Stipich") a promissory note in `the amount of $100,000 ("Secured Note"). The secured note was guaranteed by Benedetto A. Cerilli, Jr. ("Cerilli") and William A. Hustwit ("Hustwit") (collectively "Guarantors"). Thereafter, NOL was petitioned into receivership and its assets were eventually purchased by PCJ Contracting Co., Inc. ("PCJ"). The purchase price to be paid by PCJ was a fixed dollar amount in excess of the outstanding balance of the secured indebtedness of NOL. PCJ and Stipich then negotiated an agreement whereby Stipich abandoned his secured claim against NOL with a reservation of right against the co-maker and guarantors. Stipich was to use his best efforts to collect against the guarantors and co-maker of the Secured Note. In the event Stipich was unable to collect as aforestated, PCJ agreed to pay Stipich the amounts due under the Secured Note no later than May 1, 1991. Furthermore, Stipich released any claim he had against NOL under the secured note.
Plaintiffs seek to avoid their respective obligations, as co-makers and guarantor, in view of Stipich's release of any claim against NOL under the Secured Note. In that regard plaintiffs seek a preliminary injunction to enjoin Stipich from foreclosing on certain property securing the Secured Note.
Turning first to the contention of guarantor in that regard the court examines the relevant language of the guaranty:
 Each Guarantor hereby consents and agrees that . . . surrender, release, exchange, substitution, dealing with or taking of additional collateral security, . . . abstaining from taking advantage of or realizing any security, . . . waivers of any defaults, rights or remedies and any and all other forbearances or indulgences granted by the Lender to Principal Debtor . . . may be made, granted and/or effected by the Lender without notice to the Guarantor and without in any manner affecting the Guarantor's liability hereunder. [Emphasis added.]
That provision clearly sets forth a variety of events which are deemed not to have any effect on the liability of a guarantor. Such events include a variety of actions that may be taken with regard to release or modification of security and various forebearances. However, it is clear that one such event not enumerated is the release of an obligor from the obligation. The "release" identified in the guaranty clause pertains to a release of collateral security, not the obligation itself.
Furthermore, Stipich cannot take comfort from that provision of the guaranty which contemplates that any modification of the obligation of the principal debtor pursuant to a receivership action does not alter the guarantor's liability. Stipich's release of any claim under the second note was voluntarily undertaken by him. It was not initiated by act of the receiver or Court decision.
Accordingly, Cerilli as guarantor is not specifically obligated by the language of the guaranty to remain liable as a guarantor when Stipich released NOL from its obligation.
As previously noted, Cerilli did not pursuant to the guaranty language agree to remain liable in the event Stipich released the debtor from liability under the Secured Note. Furthermore, there is no evidence at the time of Stipich's release that WPDC, Cerilli and Hustwit agreed to remain liable as co-maker and guarantors respectively.
Although Stipich did reserve his right to proceed against the co-maker and guarantors of the Secured Note at the time he released NOL from liability, that reservation of right is ineffective in the present case to preserve rights against them. While a reservation of right in that regard generally would preserve such right, it is based on the underlying premise that the guarantor pursuant to subrogation can then pursue the obligor. Such premise is meaningless in the case before this court. NOL is in receivership. There is no effective avenue at this time to press to their claim against NOL.
Returning to the co-maker WPDC, its obligation with NOL was "joint", not joint and several. Accordingly, Stipich's release of NOL had the effect of releasing WPDC as well. Assuming arguendo, that a reservation of right against the co-maker would preserve the creditor's right to proceed against said co-maker, that result would not occur under the facts of this case where Stipich essentially extinguished WPDC's right to seek contribution due to NOL's receivership and the inability of WPDC to proceed with a claim in said proceeding.
Plaintiffs have satisfied the court of the probability of success on the merits of their case. If the foreclosure of the mortgages in question are not preliminarily enjoined, the property would be lost to the guarantors forever clearly creating irreparable harm.
Accordingly, the plaintiffs' application for a preliminary injunction is granted.